UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   8:24-cv-02081-SSS-AJR                     Date: September 30, 2024
                                                     Page 1 of 4

Title:   Michael Robinson v. St. Andre

DOCKET ENTRY:   **ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BECAUSE THE PETITION IS WHOLLY UNEXHAUSTED**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On September 25, 2024, *pro se* Petitioner Michael Robinson ("Petitioner"), a California state prisoner presently confined at High Desert State Prison in Susanville, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, alleging one ground for habeas relief. (Dkt. 1.) Specifically, Petitioner contends that the prosecution allegedly failed to properly preserve DNA evidence of the vehicle rear door to allow for the defense to conduct its own independent testing, in violation of his constitutional rights. (Id. at 5.) However, Petitioner concedes that he has not raised this sole claim on direct appeal or in a habeas petition before the California Court of Appeal or the California Supreme Court. (Id.)

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See 28 U.S.C. § 2254(b)-(c); Baldwin v. Reese, 541

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     8:24-cv-02081-SSS-AJR                Date: September 30, 2024
                                                  Page 2 of 4

Title:     Michael Robinson v. St. Andre

U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. Petitioner bears the burden to show compliance with the exhaustion requirement. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Henrickson v. Peery, 2016 WL 4540847, at *1 (E.D. Cal. Aug. 31, 2016).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*); see also O'Sullivan, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan, 513 U.S. at 365-66; Anderson v. Harless, 459 U.S. 4, 6 (1982); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011).

Here, because Petitioner concedes that he has not raised his sole claim for habeas relief in the California Supreme Court, it appears that the Petition is wholly unexhausted, rendering it subject to dismissal. Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). The Ninth Circuit has instructed that lower courts are not obligated "to act as counsel or paralegal to *pro se* litigants" by explaining "the details of federal habeas procedure . . . ." Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009). However, the Court may provide a *pro se* litigant with "accurate instruction" before dismissing an unexhausted or mixed petition. See id. at 786 ("The

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     8:24-cv-02081-SSS-AJR            Date:  September 30, 2024
                                              Page 3 of 4

Title:      Michael Robinson v. St. Andre

district court gave [petitioner] accurate instruction before dismissing his mixed petition without prejudice.  Plier does not allow us to require anything more.").

The Court presents Petitioner with the following options:

**Option 1:**    If, upon further reflection, Petitioner contends that his sole claim is exhausted, he should file a written response to this Order setting forth clearly the basis for his contention that he has exhausted his claim and attach copies of any document, such as his state court briefs or petitions, establishing that the claim is exhausted.

**Option 2:**    If Petitioner admits that he has not exhausted his sole claim, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A form Notice of Dismissal is attached for Petitioner's convenience.  **However, Petitioner is advised that there is a one-year statute of limitations on habeas claims by a prisoner in state custody.**  28 U.S.C. § 2244(d).  The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court.  Duncan, 533 U.S. at 172-75 (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

Whichever option Petitioner selects, Petitioner must file the responding document clearly stating the option selected by **October 28, 2024.**

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation to the district judge that this action be dismissed without prejudice as a wholly unexhausted petition and for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     8:24-cv-02081-SSS-AJR                    Date:  September 30, 2024
                                                      Page 4 of 4

Title:     Michael Robinson v. St. Andre

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).